UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Edward Hemingway, ) | Crim. No.: 4:13-cr-00448-RBH-1 |
| ) | Civil Action No.: 4:16-cv-01956-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's [ECF No. 49] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues his base offense level was incorrectly determined because his prior conviction for Hobbs Act Robbery is no longer a crime of violence.

On May 30, 2017, the government filed a response and motion for summary judgment arguing Petitioner's *Johnson* claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review. The government also argues that Petitioner's claim is procedurally defaulted and that Hobbs Act Robbery remains a crime of violence following *Johnson*. On July 1, 2016, Petitioner, through counsel, filed a response to the government's motion for summary judgment. For the reasons stated below, the Court grants the government's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

## **Procedural History**

On August 26, 2013, Petitioner pled guilty to felon in possession of a firearm in violation of

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

18 U.S.C. § 922(g)(1). The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's total offense level of 23 and criminal history category of IV produced an advisory guideline range of 70 to 87 months in prison.

A sentencing hearing was held on December 12, 2013. The Court sentenced Petitioner to a 72 month term of imprisonment. Petitioner did not file a direct appeal.

Petitioner filed the instant motion to vacate on June 15, 2016.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

2

**Discussion**

The government argues Petitioner's *Johnson* claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review. The government also argues that Petitioner's claim is procedurally defaulted and that Hobbs Act Robbery remains a crime of violence following *Johnson*.

Petitioner contends that his base offense level of 22 was incorrectly determined because his prior conviction for Hobbs Act Robbery is no longer a crime of violence following *Johnson*. United States Sentencing Guideline § 2K2.1(a)(3) calls for a base offense level of 22 for a conviction under 18 U.S.C. § 922(g)(1) if the offense involved a firearm described in 26 U.S.C. § 5845(a)[2] and "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Petitioner contends that Hobbs Act Robbery is no longer a crime of violence after *Johnson*. However, Petitioner's claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review and *Johnson* is not applicable to the Sentencing Guidelines.

In *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015), the Fourth Circuit held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *Foote*, 784 F.3d

---

[2] Title 26 U.S.C. § 5845 defines firearm as "(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of Title 18, United States Code); and (8) a destructive device." According to the PSR, the firearm involved in the instant case was a sawed-off shotgun.

at 940. Applying *Foote* to the instant case, Petitioner's claim that he was improperly enhanced for a prior offense that Petitioner claims is no longer a crime of violence is not cognizable on collateral review. The Court need not reach the issue of whether Hobbs Act Robbery remains a crime of violence under the Sentencing Guidelines. Petitioner has failed to demonstrate a fundamental defect or miscarriage of justice. Petitioner was sentenced below the statutory maximum of ten years imprisonment.

Also, as the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and the residual clause found in former § 4B1.2(a)(2) of the Sentencing Guidelines is not void-for-vagueness. *Beckles*, 137 S. Ct. at 895 Accordingly, Petitioner's reliance on *Johnson*, which dealt with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is misplaced and his challenge to his sentencing enhancement under the United States Sentencing Guidelines fails.

The Court also finds that Petitioner's claim is procedurally defaulted as Petitioner has failed to demonstrate cause and prejudice for his failure to raise the issue in the district court or on direct appeal.

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

4

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 53] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 49] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

August 8, 2017　　　　　　　　　　　　　　　　s/ R. Bryan Harwell  
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge